# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:17-CV-055-DCK

| | |
|---|---|
| ANGELA REDMOND MURDOCK, | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment Reversing Or Modifying The Decision Of the Commissioner Of Social Security" (Document No. 7) and the "Commissioner's Motion For Summary Judgment" (Document No. 9). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion For Summary Judgment Reversing Or Modifying The Decision Of the Commissioner Of Social Security" (Document No. 7) be denied; that the "Commissioner's Motion For Summary Judgment" (Document No. 9) be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Angela Redmond Murdock ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On October 9, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an

inability to work due to a disabling condition beginning March 1, 2011. (Transcript of the Record of Proceedings ("Tr.") 12, 194-197). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on November 18, 2013, and again after reconsideration on February 5, 2014. (Tr. 12, 108, 115). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you were disabled because of PTSD, back problems, depression, and seizures. In order to get benefits, disability had to be established on or before 03/31/2011 because insurance coverage ended on that date. The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling.
> Your mental condition was not severe enough prior to the end of your insured period to be considered disabling. You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> The evidence does not show a condition that would prevent most work-related activities. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 115).

Plaintiff filed a timely written request for a hearing on March 13, 2014. (Tr. 12, 127-129). On December 7, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims (the "ALJ"). (Tr. 12, 30-86). In addition, Celena Earl, a vocational expert ("VE") and William Keith Murdock, the claimant's husband, also appeared and testified. Lynne Sizemore attended the hearing as Plaintiff's representative. Id.

The ALJ issued an unfavorable decision on January 20, 2016, denying Plaintiff's claim. (Tr. 9-24). On or about January 20, 2016, Plaintiff submitted a request for review of the ALJ's decision, which was denied by the Appeals Council on January 25, 2017. (Tr. 1-3, 7). The ALJ

decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 15, 2017. (Document No. 1). On July 5, 2017, the parties consented to Magistrate Judge jurisdiction. (Document No. 6)

Plaintiff's "Motion For Summary Judgment Reversing Or Modifying The Decision Of the Commissioner Of Social Security" (Document No. 7) and "Plaintiff's Memorandum Of Law In Support Of Motion For Summary Judgment Reversing Or Modifying Commissioner's Decision" (Document No. 8) were filed July 14, 2017; and the "Commissioner's Motion For Summary Judgment" (Document No. 9) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 10) were filed September 20, 2017. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

On February 7, 2018, the undersigned scheduled this matter for a hearing on March 8, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 11). The parties filed a "Joint Notice" (Document No. 12) on March 1, 2018, stating that their attempt to narrow or resolve the issues failed. The hearing was then re-scheduled for March 28, 2018. (Document No. 13).

The undersigned held a hearing in this matter to allow the parties one more opportunity to present their arguments. The pending motions are now ripe for disposition.

## II.    STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

3

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 1, 2011, and the date last

insured, March 31, 2011.[1] (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 22).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since March 1, 2011, her alleged disability onset date. (Tr. 14). However, the ALJ noted that the Plaintiff's earnings records indicated that she worked part-time after her alleged disability onset date. Id.

At the second step, the ALJ first stated that degenerative disc disease, history of diabetes mellitus, history of syncope, depression, and post-traumatic stress disorder were severe impairments.[2] (Tr. 14). The ALJ then stated that her degenerative disc disease, diabetes mellitus, and history of syncope were non-severe. (Tr. 16-17).

At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 17).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform a full range of work activity at all exertional levels, with the following nonexertional limitations:

> she can occasionally climb. She must avoid concentrated exposure to hazards. She is limited to simple, routine repetitive tasks in a stable environment at a nonproduction pace with occasional interpersonal interaction.

(Tr. 18). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a housekeeper. (Tr. 22). The ALJ's decision then continued to provide alternative findings at the fifth and final step: he concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity," that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a laundry worker, industrial cleaner, and mail clerk. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 1, 2011, and the date last insured, March 31, 2011. (Tr. 24).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to provide function-by-function analysis and explain the non-exertional mental functions associated with her mental impairments; (2) the ALJ failed to give proper weight to medical opinions beyond her date last insured; and (3) the ALJ made contradictory findings about Plaintiff's severe impairments. (Document No. 8, p. 4). The undersigned will address these contentions in turn.

**A.     Mental Limitations**

In the first assignment of error, Plaintiff argues that the ALJ failed "to provide a function-by-function analysis and explanation of the non-exertional mental functions associated with Murdock's mental impairments, as required by SSR 96-8p (61 Fed. Reg. 34474-34478 (July 2, 1996)), thereby requiring that the ALJ's decision be reversed, vacated, and remanded for further administrative proceedings." (Document No. 8, p.5). Plaintiff contends that the ALJ failed to

7

adequately explain why her mild limitations in activities of daily living, her mild limitations in social functioning, and her moderate limitations in concentration, persistence, or pace ("CPP"), would impact her ability to engage in work functions. (Document No. 8, pp.7-8). Plaintiff further contends that the ALJ's decision failed to satisfy the requirements of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) in discussing her CPP. (Document No. 8, pp.8-10).

In response, Defendant asserts that the ALJ properly assessed Plaintiff's mental impairments. (Document No. 10, pp.5-9). Defendant notes that

> in general, a finding of 'mild' in any one are of functioning is a finding that the mental limitation in the area of functioning was not significant, but a finding of 'moderate' in any one area creates a presumption of some significant limitation in that area(s), but it is a rebut[t]able presumption (i.e. can show an ability to work despite impairments).

(Document No. 10, p.6). Defendant further notes that Plaintiff had mild limitations in daily activities and social functioning, and argues that the ALJ more than adequately addressed these limitations. (Document No. 10, pp.7-8). Regarding the moderate rating in CPP, Defendant observes that the ALJ noted the non-examining physicians indicated there was insufficient evidence to determine the presence and severity of mental impairment prior to March 31, 2011; and that Dr. Surrya Challa indicated around March 31 – that Plaintiff was doing well as long as she took her medications. (Document No. 10, p.8) (citing Tr. 18, 102, 105, 987, 990, 993).

Finally, Defendant persuasively argues that the ALJ accommodated Plaintiff's difficulties by "not only indicating she was limited to unskilled work (simple, routine or repetitive tasks), but indicated it had to be in a 'stable environment at a nonproduction pace with occasional interpersonal interaction.'" (Document No. 10, p.9) (citing Tr. 18).

Notably, unlike many ALJ decisions that have been remanded based on Mascio, the ALJ here included the limitation that Plaintiff work "in a stable environment at a nonproduction pace." (Tr. 18). As discussed at the hearing, a recent decision by Judge Cogburn is instructive here:

> the court finds, however, that the ALJ properly accounted for plaintiff's ability to stay on task in his mental RFC analysis. Specifically, the ALJ explained that despite plaintiff's mental impairments, which cause moderate difficulties in concentration, persistence, or pace, plaintiff was capable of simple, routine, repetitive tasks **so long as they do not require the type of "production-rate" pace** that would be required in assembly-line work. (Tr. 20). In doing so, **the ALJ has included a limitation that accounts for the pace of work**, and by extension difficulties in concentration, persistence, and pace. See Sizemore v. Berryhill, 2017 WL 6374237, at *5 (4th Cir. 2017) (holding that Mascio does not require remand where an ALJ found that a claimant "would nonetheless be able to stay on task while performing 'simple one, two-step tasks,' as long as he was 'working in low stress **non-production jobs** with no public contact'"); Michaels v. Colvin, 2016 WL 8710975 (W.D.N.C. 2016), aff'd 2017 WL 4176228 (4th Cir. 2017) (unpublished) ("Consistent with Mascio, the ALJ limited the RFC not only to simple routine repetitive tasks but also to 'work at a **nonproduction pace** rate'").

Haynes v. Berryhill, 1:17-CV-049-MOC-DCK, 2018 WL 1249324, at *5 (W.D.N.C. Feb. 14, 2018), aff'd 2018 WL 1249276 (W.D.N.C. Mar. 9, 2018) (quoting Martinez v. Berryhill, 3:17-CV-186-MOC, 2018 WL 709971, at *4 (W.D.N.C. Feb. 5, 2018) (emphasis added)). See also, Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060, at *6-7 (W.D.N.C. March 1, 2017).

Based on the foregoing, and Defendant's compelling arguments and cited authority, the undersigned is not convinced there is any error here requiring remand or reversal.

**B.    Medical Opinions**

Next, Plaintiff argues that the ALJ

> committed reversible error when he failed to give any weight to the letter medical opinion of Dr. Allen J. Romeo dated September 11, 2014 (Exhibit 21F, Page 3) based on the fact that Dr. Romeo began treating Murdock in April 2014, which was beyond Murdock's expired date last insured for disability benefits, and when he failed to give any weight to selected portions of the medical records and opinion of Joseph E. Moran, M.D. (Exhibit 3F, Pages 1-48 and Exhibit 23F, Page 1), because these records were dated beyond Murdock's expired date last insured for disability benefits, thereby requiring that the ALJ's decision be reversed, vacated and remanded for further administrative proceedings.

(Document No. 8, p.10). Plaintiff notes "that an ALJ must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration." (Document No. 8, p.12) (citing Bird v. Commissioner of Social Security Administration, 699 F.3d 337, 345 (4th Cir. 2012) (citing Moore v. Finch, 418 F.2d 1224, 1226 (4th Cir. 1969)).

Relying heavily on Bird, Plaintiff contends that the ALJ failed to consider Dr. Allen Romeo's medical opinion dated September 11, 2014, and thus committed reversible error. (Document No. 8, p.13). Plaintiff then asserts that the ALJ compounded his error by refusing to give retrospective consideration to Dr. Moran's medical opinion dated August 26, 2015. (Document No. 8, p.16).

In response, Defendant argues that Plaintiff misconstrues the ALJ's determination. (Document No. 10, p.10). Defendant states that "the ALJ not only considered and weighed Dr. Moran's evidence, he gave it "controlling weight." Id. (citing Tr. 16, 22).

Regarding Dr. Romeo, Defendant asserts that he did not even see Plaintiff until three full years after her date last insured. Id. Moreover, Dr. Romeo refused to submit his treatment notes. (Document No. 10, pp.10-11) (citing Tr. 1010). "An opinion with no supporting evidence is

merely an opinion about disability, which is reserved to the ALJ." (Document No. 10, p.11) (citing 20 C.F.R. § 404.1527(d)). Defendant also contends that Dr. Romeo's letter only suggested he was addressing current concerns about Plaintiff. (Document No. 10, p.11).

Defendant's response goes on to note that Dr. Challa indicated Plaintiff was doing well as long as she took her medications. Id. (citing Tr. 987, 990, 993). In fact, on March 21, 2011, just prior to her date last insured, Plaintiff indicated she was working at an assisted living facility and loved her job. Id. (citing Tr. 990).

The undersigned finds that Plaintiff's argument is without merit. Plaintiff's position that the ALJ failed to *consider* Dr. Romeo and Dr. Moran's opinions is simply unsupported by the record. The ALJ not only considered those opinions, he cited them in his decision and adequately explained the weight he allowed. See (Tr. 16, 22).

**C.     Impairments**

Finally, Plaintiff argues that the ALJ "committed reversible error when he made contradictory findings that Murdock's degenerative disc disease, history of diabetes mellitus, and history of syncope constituted both severe and non-severe impairments," and by failing to analyze the impact of these impairments. (Document No. 8, p.17).

In response, Defendant contends that any error here is harmless. (Document No. 10, p.13). Defendant acknowledges the inconsistency in the decision, but argues that the ALJ was clear that he did not find these impairments to be severe at step two. Id. (citing Tr. 14, 16-17). Defendant contends there was merely a typing error in the header, and Plaintiff has not identified any resulting harm. Id.

Although the purported scrivener's error here is troubling and has caused unnecessary confusion, the undersigned agrees with Defendant's position. Ultimately, the ALJ's intention is clear enough.

## IV.    CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on March 28, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that the ALJ's decision is supported by substantial evidence and applied the correct legal standards

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment Reversing Or Modifying The Decision Of the Commissioner Of Social Security" (Document No. 7) is **DENIED**;  the "Commissioner's Motion For Summary Judgment" (Document No. 9) is **GRANTED**;  and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: March 30, 2018

David C. Keesler
United States Magistrate Judge